UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO.  14-284 |
| BRANDON LICCIARDI | SEC.   "H" |

### REPLY TO GOVERNMENT'S CONSOLIDATED OPPOSITON TO MOTIONS TO STRIKE SURPLUSAGE (DOCS. 310 & 317) AND FOR MOTION TO REQUEST HEARING (DOC. 313)

Now into Court, through undersigned counsel, comes defendant Brandon Licciardi, who offers the following reply to the government's opposition to the Motion to Strike Surplusage.

The government opposes the defendants' Motion to Strike urging with reference to boilerplate case law language that "the indictment is not evidence." (*See* government Opposition at p. 4). However, this is exactly what the government has done here: First 404(b) Notice; second, Notice under FRE 413; third, defendant files Opposition and court sets a hearing after referencing concern over some of the evidence; finally, government include these acts in the indictment and voila—now evidence is admissible. The government states, "Because the challenged allegations are relevant to the charges set forth in the indictment, *and thus admissible at trial*, none of the overt acts should be stricken as surplusage" (emphasis added). *See* Rec. Doc. 341 at 2. However, admissibility is not exclusively predicated on relevance. Part and parcel of the admissibility analysis is this Court's weighing of the probative value of the evidence against undue prejudice to Brandon Licciardi. The government's latest Indictment attempts to deprive this Court of its ability to conduct this balancing test, because it is keenly aware that its evidence cannot survive a proper administration of the balancing test.

First, the Court should take notice that the government makes no opposing arguments to Brandon's Motion to Strike with reference to his alleged use of a "controlled substance analogue"—an allegation that is not charged, but only appears in the "Overt Acts" paragraph of the Fourth Superseding Indictment.  Second, the government references a forty-year old, out-of-circuit case that has no application to the facts before this Court.  Even a cursory reading of that case is all that is required to understand that it did not involve 404(b) or 413 evidence.  *See United States v. Amrep Corporation*, 545 F.2d 797 (2d Cir. 1976).  Rather, in *Amrep*, the district court ordered the government dismiss fifty of the counts in the seventy count indictment in order "to reduce the pending trial to manageable proportions."  *Id.* at 799.  The court also refused to allow evidence on matters outside the slimmed down Superseding Indictment.  Unlike the case here, the court in *Amrep* was not originally presented with Notices of Evidence under 404(b) and/or 413 and then precluded from ruling on such evidence.  Clearly, *Amrep* is inapplicable here, and has zero bearing on this Court's decision.

Lastly, the government has made clear its purpose with the Fourth Superseding Indictment.  However, in one breath, the government states, "[D]efendants accuse the prosecution...of diabolical intent, characterizing the inclusion of overt acts in the fourth superseding indictment as an attempt to 'deprive' the Court of conducting an analysis under Rules 413 and 404(b)."  But in a strange about face, the government then acknowledges that this is exactly the purpose of the newest variation of the government's charging document: "[T]he Fourth Superseding Indictment incorporated as overt acts evidence that would otherwise have fallen under the rubric of Rule 404(b) or 413 notices, *thus relieving the Court of unnecessary motion practice* (emphasis added)."  To support this maneuvering, the government references a non-public source: "USABook."  *Stein v. Department of Justice*, 2015 WL 5776059 at *16 (D.D.C. Sept. 30, 2015) ("The Office of Legal

Education maintains a non-public computer site called USABook, which hosts electronic copies of, among other things, training materials and publications available to DOJ attorneys and staff."). However, the government's clear admission that it is doing exactly what Mr. Licciardi previously alerted to the Court—depriving this Court of its ability to perform an undue prejudice-probative balancing test—eviscerates its opposition.

Wherefore, Brandon Licciardi prays this Court grant his Motion to Strike Surplusage and grant his request for a hearing on his Opposition to the Government's Notice of Intent to use evidence pursuant to 404(b) and 413.

Respectfully submitted,

/s/ BRIAN J. CAPITELLI_____
RALPH CAPITELLI LA BAR # 3858
BRIAN J. CAPITELLI, LA Bar # 27398
Capitelli & Wicker
1100 Poydras St., Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425
Fax: (504) 582-2422
rc@capitelliandwicker.com
brian@capitelliandwicker.com
*Counsel for Brandon Licciardi*

**CERTIFICATE OF SERVICE**

I hereby certify that on \_\_\_\_\_11_____ day of \_\_\_\_\_May\_\_\_\_\_, 2016 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael McMahon, Assistant United States Attorney, 650 Poydras Street, New Orleans, Louisiana 70130.

/S/BRIAN J. CAPITELLI
BRIAN J. CAPITELLI